UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 99-40063
Summary Calendar

MARK ERIC WRIGHT

Plaintiff-Appellant,

v.

GAYLE HOLLINGSWORTH, Ect.; ET AL.,

Defendants,

GAYLE HOLLINGSWORTH, Registered Nurse
at Telford, Individually and in official capacity,

Defendant-Appellee.

Appeal from the United States District Court for the
Eastern District of Texas

February 9, 2000

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

EDITH H. JONES, Circuit Judge:

Mark Eric Wright ("Wright"), Texas prisoner #635367, appeals the district court's final judgment dismissing his civil rights action brought under 42 U.S.C. § 1983 against Gayle Hollingsworth ("Hollingsworth") and Sara Thompson ("Thompson"). We are constrained to vacate and remand the district court's dismissal of Wright's claim against Hollingsworth for failure to exhaust his administrative remedies; but we encourage the Fifth Circuit to reconsider Whitley v. Hunt, 158 F.3d 882 (5th Cir. 1998), en banc

in order to reconcile this circuit's interpretation of the exhaustion requirement of 42 U.S.C.A. § 1997e with the explicit language and policy of the Prisoner Litigation Reform Act ("PLRA"), which amended § 1997e. The Attorney General of Texas, representing Hollingsworth, has provoked consideration of this important question. General Cornyn points out that because Whitley was an appeal from the district court's sua sponte dismissal, the state was not a party or represented in that case and had no opportunity to urge that the PLRA be construed to maximize the effectiveness of the state's prison grievance procedures. Because the proper handling of thousands of inmate grievances annually is of vital interest to both the states and the federal courts, and there are strong arguments that Whitley may have misinterpreted the PLRA, en banc reconsideration should be undertaken.

## BACKGROUND AND PROCEDURAL FACTS

While in prison in 1997, Wright's eardrum was ruptured during an altercation with another inmate. Wright sought medical treatment at the prison infirmary. Wright alleges that Hollingsworth, a registered nurse working at the Telford Unit of the Texas Department of Criminal Justice ("TDCJ"), and Thompson, a clerk at the infirmary, refused to treat his ruptured eardrum. As a result, Wright sued Hollingsworth and Thompson under 42 U.S.C. § 1983, alleging deliberate indifference to his serious medical needs. Wright's complaint sought only monetary relief.

2

Hollingsworth and Thompson both moved for summary judgment. The district court granted Thompson's motion for summary judgment but denied Hollingsworth's motion. Hollingsworth then filed a motion to dismiss for failure to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a). Since Wright admitted that he had failed to exhaust his administrative remedies, the magistrate judge recommended that Hollingsworth's motion to dismiss be granted and that Wright's suit be dismissed as frivolous. The district court adopted the magistrate judge's recommendation over Wright's objections and entered final judgment, dismissing the suit as frivolous under 28 U.S.C. § 1915. Wright timely filed a notice of appeal.

**ANALYSIS**

A. <u>Wright</u>'s appeal

As amended by the PLRA,[1] § 1997e(a) provides that

> [n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C.A. § 1997e(a) (West Supp. 1999). Since Wright filed his § 1983 complaint after the effective date of the PLRA, amended § 1997e applies to his complaint. <u>See</u> <u>Underwood v. Wilson</u>, 151 F.3d 292, 293 (5th Cir. 1998), cert. denied, 119 S. Ct. 1809 (1999).

---

[1] Pub. L. No. 104-134, Title I, § 101(a), 110 Stat. 1321-71 (1996).

3

Relying on Underwood, the district court interpreted amended § 1997e(a) to require that an inmate completely exhaust all administrative remedies before filing an action in federal court. The district court dismissed Wright's claim against Hollingsworth for failure to exhaust. On appeal, Wright argues that he had no administrative remedy to exhaust because the TDCJ grievance procedure does not permit an award of monetary damages, the only type of relief he sought. Whether or not Wright's claim was correctly dismissed depends on the interpretation of the exhaustion requirement of § 1997e(a).

Before the enactment of the PLRA, this court held that § 1997e does not require a state prisoner seeking only monetary damages to exhaust all administrative remedies if the prison grievance system does not afford a monetary remedy. Marsh v. Jones, 53 F.3d 707, 710 (5th Cir. 1995). Although the PLRA amended § 1997e in several significant ways, this court has held that the PLRA did not change the holding in Marsh. See Whitley, 158 F.3d at 887. Whereas an inmate seeking monetary and injunctive relief must exhaust all administrative remedies given Underwood, Whitley holds that an inmate seeking only monetary relief is not required to exhaust administrative remedies prior to filing suit if the prison grievance system does not authorize that type of relief. Id.

Thus, since Wright's argument is supported by Whitley, the district court abused its discretion in dismissing Wright's

claim as frivolous under § 1915.  See Koon v. United States, 518 U.S. 81, 100 (1996) (a district court necessarily abuses its discretion when it makes an error of law); Siglar v. Hightower, 112 F.2d 191, 193 (5th Cir. 1997).  This court must vacate and remand the district court's dismissal of Wright's claim against Hollingsworth for further proceedings.[2]

B.    Request for en banc hearing to reconsider Whitley

Although bound by Whitley, this panel urges the Fifth Circuit to reconsider Whitley en banc and to consider adopting the Sixth, Seventh, and Eleventh Circuits' interpretation of § 1997e(a).[3]  An en banc hearing is appropriate only if "(1) en banc consideration is necessary to secure or maintain uniformity of the court's decisions; or (2) the proceeding involves a question of exceptional importance."  See Fed. R. App. P. 35(a).  A proceeding may involve a question of exceptional importance if "it involves an issue on which [a] panel decision conflicts with the authoritative decisions of other United States Courts of Appeals that have addressed the issue."  Id. at 35(b)(1)(B).  As noted, Whitley conflicts with the interpretation of amended § 1997e(a) given by three other circuits.

---

[2]    In his brief, Wright does not challenge the district court's grant of summary judgment in favor of Thompson.  As a result, Wright has waived his claim against Thompson on appeal,  see Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993) (issues not briefed on appeal are waived), and this court affirms the district court's granting summary judgment to Thompson.

[3]    See Brown v. Toombs, 139 F.3d 1102 (6th Cir. 1998), cert. denied, 119 S. Ct. 88 (1998); Perez v. Wisconsin Dep't of Corrections, 182 F.3d 532 (7th Cir. 1999); and Alexander v. Hawk, 159 F.3d 1321 (11th Cir. 1998).

5

Furthermore, determining the proper scope of the exhaustion requirement in § 1997e will significantly affect the docket of this court, in which over 40% of annual appeals derive from prisoner civil rights complaints, and the dockets of the district courts in this circuit in which thousands of prisoner suits are filed. The question of exhaustion is important to the State of Texas because administrative remedies may be more efficient at the outset than litigation to remedy complaints about prison conditions and because of the state's expressed willingness to promote administrative remedies.

Finally, without <u>en banc</u> reconsideration, the state of Texas will have been foreclosed from any opportunity to brief and argue the PLRA's approach to exhaustion of prison grievances.[4] <u>En banc</u> consideration of <u>Whitley</u> is appropriate for this court's internal purposes, but it is the sole means to give the state of Texas a day in court on an issue of vital importance to the state.

The panel in <u>Whitley</u> did not have the benefit of the Eleventh Circuit's subsequent, detailed analysis of the statutory

---

[4] See <u>Alexander</u>, 159 F.3d at 1324: "'Congress did not enact the PLRA in a vacuum. It held hearings and rendered findings, concluding that prisoners file more frivolous lawsuits than any other class of persons.' [citation omitted]. Congress has found that the number of prisoner lawsuits 'has grown astronomically -- from 6,600 in 1975 to more than 39,000 in 1994.' 141 Cong. Rec. S 14408-01, *S 14413 (daily ed. Sept. 27, 1995). Indeed, by 1995 more than twenty-five percent of the suits filed in federal district court were brought by prisoners. <u>Roller v. Gunn</u>, 107 F.3d 227, 230 (4th Cir. 1997)(citing Administrative Office of the United States Courts, 1995 Federal Court Management Statistics 167). Congress intended section 1997e(a) to 'curtail the ability of prisoners to bring frivolous and malicious lawsuits by forcing prisoners to exhaust all administrative remedies before bringing suit in federal court.' 141 Cong. Rec. H1472-06, *H1480 (daily ed. Feb. 9, 1995)."

changes to § 1997e occasioned by the PLRA or of two other circuit court decisions consistent with the Eleventh Circuit. Those cases advance strong arguments why requiring exhaustion of all administrative remedies (even if an inmate is seeking only monetary damages) is consistent with the changes made to the statutory language of § 1997e(a) by the PLRA, better implements the legislative purpose of the PLRA, and furthers the policies supporting exhaustion. The state should be permitted to make its case to this court. Its access depends on our granting en banc review of this decision.

## CONCLUSION

For the foregoing reasons, the district court abused its discretion in dismissing Wright's claim as frivolous. While we also urge en banc reconsideration of our current interpretation of § 1997e of the PLRA, and encourage General Cornyn again to request en banc review, the case against Hollingsworth is vacated and remanded for further proceedings.

**VACATED** and **REMANDED.**