IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-20779
Conference Calendar

_____

MICHAEL ANTHONY TRUMAN,

Plaintiff-Appellant,

versus

WILLIAM W. HARLEY, JR., Lieutenant;
ROBERT A. WILLIAM, Correctional Officer III,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-97-CV-723
--------------------
June 13, 2000

Before JOLLY, DAVIS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Michael Anthony Truman, Texas prisoner No. 633400, appeals the district court's dismissal of his civil rights complaint for failure to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a). Truman does not dispute that he failed to exhaust his prison administrative remedies before filing suit, but he contends that exhaustion was not required because his complaint sought monetary damages only. It is obvious from the record that Truman was required to exhaust his administrative

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

remedies prior to filing suit because he sought both injunctive and monetary relief in his administrative filings and his district court complaint. Wright v. Hollingsworth, 201 F.3d 663, 665 (5th Cir. 2000); Underwood v. Wilson, 151 F.3d 292, 292-93 (5th Cir. 1998), cert. denied, 526 U.S. 1133 (1999). The district court was not required to inquire into the adequacy of the available administrative remedies prior to dismissing the complaint for failure to exhaust. See § 1997e; Underwood, 151 F.3d at 294. We reject Truman's argument that the § 1997e exhaustion requirement does not apply to complaints alleging excessive force. Wendell v. Asher, 162 F.3d 887, 888, 890-91 (5th Cir. 1998).

AFFIRMED.