REVISED DECEMBER 27, 2002

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-30256

_____

RICKY D. FERRINGTON,

Plaintiff-Appellant,

versus

LOUISIANA DEPARTMENT OF CORRECTIONS;
RICHARD STALDER; SHERIFF'S DEPARTMENT
CLAIBORNE PARISH; STEVE MIDDLETON;
UNKNOWN CORRECTIONS CORP; LEROY HOLIDAY;
GILL GRAY; UNKNOWN NURSE, SISSY ECABAR;
UNKNOWN INSURANCE CO.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Western District of Louisiana

_____

December 19, 2002

Before GARWOOD, JONES, and STEWART, Circuit Judges.

PER CURIAM:

        The significant issue in this prisoner's civil rights

case appeal is whether Ricky Ferrington ("Ferrington") failed to

exhaust the Louisiana prison grievance remedies because such remedies were not "available" to him. Ferrington's argument turns on the interpretation of a recent Louisiana Supreme Court decision, Pope v. State, 792 So.2d 713 (La. 2001). We conclude that although Pope held Louisiana's statutory prison grievance system unconstitutional to the extent that it purported to deprive state courts of original jurisdiction over prisoner cases, Pope did not obliterate the prison grievance remedy. Under the Prison Litigation Reform Act of 1995, 110 Stat. 1321-73, as amended, 42 U.S.C. § 1997e (2002) ("PLRA"), Ferrington was required to exhaust his administrative remedy. The district court's dismissal without prejudice for failure to exhaust is affirmed.

Ricky Ferrington filed his 42 U.S.C. § 1983 complaint against the Louisiana Department of Corrections ("LDOC") and various employees, asserting negligent and intentional violations of his right to medical treatment under the Eighth Amendment. His claims arose from the allegedly faulty treatment he received at the Claiborne Parish Detention Center after a corneal transplant. He asserted that the defendant's actions resulted in his near blindness. Ferrington averred that he declined to file prison grievance complaints because his blindness exempted him from the procedures, the prison had not posted a grievance policy, and the Louisiana Supreme Court had ruled the state grievance procedure unconstitutional.

2

The district court dismissed Ferrington's complaint without prejudice after it adopted a magistrate judge's recommendation based on Ferrington's failure to exhaust state remedies pursuant to 42 U.S.C. § 1997e(a).

The PLRA requires a prisoner to exhaust "such administrative remedies as are available" before he may file suit under § 1983 objecting to state prison conditions. 42 U.S.C. § 1997e(a); see Underwood v. Wilson, 151 F.3d 292, 293 (5th Cir. 1998). A prisoner must exhaust the administrative remedies "irrespective of the forms of relief sought and offered through administrative avenues." Booth v. Churner, 532 U.S. 731, 741 n.6 (2001). This court reviews de novo a district court's dismissal of a prisoner's complaint for failure to exhaust. Powe v. Ennis, 177 F.3d 393, 394 (5th Cir. 1999).

Relying on Pope, Ferrington contends that the Louisiana Supreme Court held that prison grievance procedures adopted by the LDOC are unconstitutional as applied to tort actions. Pope, 792 So.2d at 716-21. He continues that, because the state legislature has not amended the statutes, there is no authority under Louisiana law for administrative remedies in prison.

Ferrington is correct that the Louisiana Supreme Court found the applicable statutes unconstitutional in part. The authorization for prison administrative remedies is found in La. Rev. Stat. §§ 15:1171-1179. In Pope, the plaintiff contended that these statutes unconstitutionally divested the state district

3

courts of their original jurisdiction in tort actions.  792 So.2d at 717.  The Louisiana Supreme Court agreed that, because § 15:1177 confines judicial review in state court to the administrative record, permits review only of issues raised at the agency level, and limits the grounds for reversal, the state district courts have been deprived of original jurisdiction in violation of La. Const. art. V, § 16(A).  Id. at 718-20; see § 15:1177(A)(5), (9).  The court accordingly held the statutory scheme pertaining to prison administrative procedures unconstitutional "to the extent that the statutes are applied to tort actions."  Pope, 792 So.2d at 721.  The Supreme Court noted that it did not find the addition of an administrative remedy procedure problematic.  Id.

Ferrington's argument has some superficial appeal; indeed, following Pope, one of Louisiana's appellate courts has held that prisoners no longer need exhaust prison administrative remedies before filing suit for tort recovery in state court.  See Creppel v. Dixon Corr. Inst., 822 So.2d 760 (La. App. 1st Cir. 2002).  Nevertheless, Ferrington is proceeding in federal, not state court, and his claim is procedurally governed by federal law.  Under the PLRA, all "available" remedies must now be exhausted, regardless of the nature of the relief offered.  Porter v. Nussel, 534 U.S. 516, 524 (2002); see also Wright v. Hollingsworth, 260 F.3d 357, 358 (5th Cir. 2001).  It is not up to this court to predict the ultimate interpretation of Pope as Ferrington asks us to do.  It remains to be seen whether Pope will be held to declare

4

the entire prison administrative grievance system which has been in effect since 1985, unconstitutional.  In Pope the Louisiana Supreme Court only addressed the impact on the constitutional jurisdiction of Louisiana state courts of that aspect of the grievance system that purported to determine the evidentiary weight of the results of the grievance proceedings and the nature of post-exhaustion judicial proceedings.  The Supreme Court found that limiting the district court to deferential judicial review of the prison administrative decision violated the state district courts' grant of original jurisdiction in all civil actions contained in the Louisiana Constitution.  LA. CONST. art. V, § 16.  This appears to be a different issue from whether the mere existence of the administrative grievance system is constitutional and whether the legislature may require a prisoner's exhaustion of administrative remedies prior to filing suit in state court.

But, while Pope or its progeny govern the effect of the prison administrative system on a claim later filed in state court, it has no impact on the necessity of exhaustion prior to the filing of a § 1983 claim in federal court.  As long as a prison administrative grievance system remains in force (as the state assures us is the case), Ferrington must exhaust.  Exhaustion remains mandatory, "irrespective of the forms of relief sought and offered through administrative remedies."  Booth, 532 U.S. at 741 n.6; see also Richardson v. Spurlock, 260 F.3d 495, 499 (5th Cir. 2001) (affirming dismissal of a claim for failure to exhaust after

5

the inmate "incorrectly filed an administrative appeal instead of a disciplinary appeal").

Ferrington alleges two additional reasons why he should not be required to exhaust administrative remedies: that he should be excused from the exhaustion requirement because of his blindness, and that there was no grievance procedure in place at the Claiborne Parish Detention Center at the time of his injury. Ferrington's alleged blindness clearly did not prevent him from filing this § 1983 action, from appealing a disciplinary hearing, or from filing prison grievances after his transfer to another facility. Nothing has prevented him from exhausting his available remedies. Further, his quarrel with any details of the Claiborne Parish Detention Center grievance procedure is irrelevant, inasmuch as he never attempted to utilize the procedure and was well aware of the general procedural requirements described in the inmate handbook.[1]

For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

---

[1]There is also no merit in Ferrington's complaint that the district court did not conduct a de novo review of the magistrate judge's recommendation. Finally, to the extent Ferrington appears to request appointment of counsel for his assistance, we deny the motion; he has shown himself fully able to present his arguments in a case that is neither legally nor factually complex. Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982).