United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 28, 2003**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 03-40256
SUMMARY CALENDAR

———————————————

LUKE CLYDE TEIXEIRA,

Plaintiff - Appellant

v.

GREGG COUNTY JAIL; GREGG COUNTY TEXAS; UNIDENTIFIED
UNIDENTIFIED; SHANNON STANDARD; MAXI CERLIANO, Sheriff of
Gregg County Jail, in his official capacity; UNIDENTIFIED DENMAN,
Captain, Gregg County Jail; DOES #1, Correctional Officers and Agents
employed by the Gregg County Jail, in their individual and official
capacities,

Defendants - Appellees

———————————————————————————————————————————

On Appeal from the United States District Court for the
Eastern District of Texas, Tyler Division
(6:02-CV-403)

———————————————————————————————————————————

Before REYNALDO G. GARZA, HIGGINBOTHAM, and DeMOSS, Circuit Judges.

PER CURIAM:[1]

Luke Clyde Teixeira, Texas prisoner #1067308, appeals the district court's order granting

summary judgment in favor of the defendants in his 42 U.S.C. § 1983 action. In his complaint,

———————————

[1]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5th Cir. R.
47.5.4.

-1-

Teixeira alleged that, while he was confined as pre-trial detainee at the Gregg County Jail ("Jail"), the defendants violated his constitutional rights. The district court determined that Teixeira failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a).

In his appellate brief, Teixeira does not challenge the district court's conclusion that his claims under the Equal Protection Clause and First Amendment were frivolous, nor does he challenge the court's dismissal of those claims with prejudice. These issues have effectively been abandoned. *See Walker v. Thompson*, 214 F.3d 615, 625 (5th Cir. 2000); FED. R. APP. P. 28(a)(9).

On appeal, Teixeira does contend that the district court erred in granting summary judgment for the defendants on his Eighth Amendment and due process claims. The district court found that Teixeira failed to exhaust the administrative remedies which were established and available at the Jail, as required by 42 U.S.C. § 1997e(a). *See Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001). This Court reviews the district court's ruling on summary judgment de novo. *Whittaker v. BellSouth Telecomm., Inc.*, 206 F.3d 532, 534 (5th Cir. 2000).

Teixeira asserts that he exhausted the grievance processes offered by the Jail. He attested in an affidavit that he had filed an initial grievance regarding the matters alleged in his complaint. As determined by the district court, however, Teixeira failed to offer competent summary judgment evidence to counter the defendants' evidentiary materials showing that Teixeira had failed to exhaust the remaining steps of the Jail's administrative remedial procedures –i.e., appealing to the Jail's Grievance Review Board and appealing to the county sheriff. His unsubstantiated assertion that he filed such an administrative appeal –which was set forth for the first time in his objections to the magistrate judge's report– is not sufficient to sustain his

-2-

evidentiary burden under FED. R. CIV. P. 56(e). *See Little v. Liquid Air Corp.*, 37 F.3d 1069,

1075 (5th Cir. 1994)(en banc). Accordingly, the judgment of the district court is AFFIRMED.