**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**October 23, 2003**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 03-20140
Summary Calendar

_____

FELIX STEVENSON, also known as Felicia Floyd,
also known as Ms. HolyZion,

Plaintiff-Appellant,

versus

QUATERMAN, Director; RICHARDSON, Warden;
J. THOMPSON, Classification Chief,

Defendants-

Appellees.

--------------------------------------------------------------
Appeals from the United States District Court
for the Southern District of Texas
USDC No. H-02-CV-4945
--------------------------------------------------------------

Before SMITH, DEMOSS and STEWART, Circuit Judges.

PER CURIAM:[*]

Felix Stevenson, also known as Felicia Floyd, Texas prisoner # 539047, appeals the dismissal

of his 42 U.S.C. § 1983 suit for failure to exhaust administrative remedies. Because Stevenson filed

his civil rights suit after the enactment of the Prison Litigation Reform Act ("PLRA"), which became

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

effective on April 26, 1996, the amended version of 42 U.S.C. § 1997e(a) applies to his case. <u>See</u>

<u>Underwood v. Wilson</u>, 151 F.3d 292, 293 (5th Cir. 1998). Under amended § 1997e(a),

> [n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

§ 1997e(a). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." <u>Porter v. Nussle</u>, 534 U.S. 516, 532 (2002).

Stevenson argues that he submitted a Step 1 grievance that was returned because the issue was not grievable and that his Step 2 grievance was then returned unprocessed. The record shows that the Step 1 grievance was also returned as illegible/incomprehensible, and Stevenson was instructed to resubmit the grievance, which he did not do. Because Stevenson did not pursue the proper administrative remedies, the district court correctly dismissed the complaint for failure to exhaust. <u>See</u> <u>Wright v. Hollingsworth</u>, 260 F.3d 357, 358 (5th Cir. 2001) ("Nothing in the Prison Litigation Reform Act . . . prescribes appropriate grievance procedures or enables judges, by creative interpretation of the exhaustion doctrine, to prescribe or oversee prison grievance systems." (footnote omitted)).

AFFIRMED.