United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 10, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-20686
Summary Calendar

_____

KAROLE DENISE BURTON,

                                        Plaintiff-Appellant,

versus

A. COLLIER, Correctional Officer; MICHAEL WINKLMEIER, Health
Services Administrator; WINSTON-ROSE, Correctional Officer,

                                        Defendants-Appellees.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:06-CV-1824
---------------------

Before HIGGINBOTHAM, BARKSDALE and GARZA, Circuit Judges.

PER CURIAM:*

     Karole Denise Burton, formerly federal prisoner # 03618-180,
appeals the dismissal of her civil rights complaint.  She
challenges the district court's conclusion that she failed to
state a claim upon which relief could be granted because she
failed to exhaust administrative remedies as required by the
Prisoner Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a).

     The district court concluded, inter alia, that Burton did
not did not complete administrative remedies that were available

---

     * Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

following the incident that formed the basis of her civil rights complaint.  Burton does not provide argument challenging this conclusion.  She has therefore waived this issue.  See Hughes v. Johnson, 191 F.3d 607, 613 (5th Cir. 1999).

Burton characterizes her claims as tort claims and argues that exhaustion is not required for tort claims.  Burton did not indicate in the district court that she was pursuing tort remedies.  Rather, she indicated that her complaint was for civil rights violations.  To the extent that Burton's complaint can be construed as raising tort claims, such claims are procedurally governed by federal law, which requires compliance with § 1997e(a).  See Porter v. Nussle, 534 U.S. 516, 532 (2002).  Thus, Burton's attempt to characterize her claims as tort claims, rather than as civil rights claims, does not indicate that the district court's conclusion was incorrect.  Also, this court has considered and rejected Burton's argument that a prisoner need not exhaust if money damages are unavailable through the applicable grievance procedure.  See Wright v. Hollingsworth, 260 F.3d 357, 358 (5th Cir. 2001).

For the foregoing reasons, the judgment of the district court is AFFIRMED.