# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 7, 2010

No. 09-30126
Summary Calendar

Charles R. Fulbruge III
Clerk

RICHARD ANTHONY HEMPHILL,

Plaintiff–Appellant

v.

RICHARD INGLESE, Medical Director of the St. Tammany Parish Jail;
GARY BENSCEK, Doctor

Defendants–Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:07-CV-5565

Before BENAVIDES, PRADO, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Richard Anthony Hemphill filed suit under 42 U.S.C. § 1983 against various parties, alleging violations of the Eighth Amendment for denial of proper medical treatment while incarcerated at St. Tammany Parish Jail. The magistrate judge dismissed Hemphill's suit for failure to exhaust his administrative remedies. We affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-30126

## I. FACTUAL AND PROCEDURAL BACKGROUND

Hemphill arrived at St. Tammany Parish Jail with stitches in his face and mouth. Over the course of many months, Hemphill received treatments for pain and vision problems stemming from his injuries. In his complaint, he alleged that he did not receive other recommended treatments. Hemphill brought suit against the St. Tammany Parish Coroner's Office, Dr. Peter Galvan, Dr. Richard Inglese, and Dr. Gary Benscek. The magistrate judge dismissed the Parish Coroner's Office and Galvan in an unappealed order.

Inglese and Benscek ("Defendants–Appellees") filed a motion for summary judgment, arguing that Hemphill failed to exhaust his administrative remedies. *See* 42 U.S.C. § 1997e(a). In support of their motion, Defendants–Appellees provided Hemphill's medical records and an affidavit of Deputy Warden Greg Longino explaining the St. Tammany Parish Jail's administrative remedy procedure ("ARP"). In response, Hemphill provided documents showing that he requested an ARP form and complained about his medical treatment. The magistrate judge granted the motion for summary judgment, and Hemphill timely appealed.

## II. ANALYSIS

We review the magistrate judge's grant of summary judgment *de novo*. *United States v. Lawrence*, 276 F.3d 193, 195 (5th Cir. 2001) (citation omitted). Summary judgment is appropriate when, after considering the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c).

The Prison Litigation Reform Act of 1995 ("PLRA") provides that "[n]o

No. 09-30126

action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). In cases covered by the PLRA, exhaustion is mandatory. *Porter v. Nussle*, 534 U.S. 516, 524 (2002).

"The PLRA's exhaustion requirement apples to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id*. at 532. We have held that "quibbles about the nature of a prisoner's complaint, type of remedy sought, and the sufficiency or breadth of prison grievance procedures" were foreclosed by the broad scope of the PLRA. *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001) (citing *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001)).

According to the Longino affidavit, St. Tammany Parish Jail uses a two-step ARP. The inmate must first submit an ARP form within ninety days of the incident giving rise to the grievance (in lieu of the form, an inmate may submit a written communication clearly labeled "this is a grievance through the ARP"). If the inmate is not satisfied with the outcome of the first step, the inmate may proceed to the second step: an appeal to the Sheriff. The inmate may file suit if dissatisfied with the response to the second step.

In their motion for summary judgment, Defendants–Appellees asserted that Hemphill had not completed even the first step of the ARP. In opposition, Hemphill produced written communications demonstrating that he complained to prison officials regarding his medical care. In one of those communications, Hemphill requested an ARP form. Based on his submissions, Hemphill argues

No. 09-30126

(1) that he has established a triable issue of fact as to administrative exhaustion, and (2) because prison officials did not provide him an ARP form, the combination of the medical complaints and the request for an ARP form satisfied the administrative exhaustion requirement.

Hemphill's argument that he established a triable issue of fact as to administrative exhaustion is without merit. Hemphill cites cases from other circuits to support his argument that a disputed issue of fact as to administrative exhaustion should be decided by a jury. *See Braham v. Clancy*, 425 F.3d 177 (2d Cir. 2005); *Maraglia v. Maloney*, 499 F. Supp. 2d 93 (D. Mass. 2007); *Russo v. Palmer*, 990 F. Supp. 1047 (N.D. Ill. 1998). We note that *Braham* has been explicitly overruled by the Second Circuit, *see Macias v. Zenk*, 495 F.3d 37, 43–45 (2d Cir. 2007), and the Seventh Circuit effectively overruled *Russo* in *Perez v. Wisconsin Department of Corrections*, 182 F.3d 532, 536 (7th Cir. 1999). In *Maraglia*, the plaintiff claimed that he filed a grievance that was ignored. 499 F. Supp. 2d at 96. Here, Hemphill does not claim that he filed a grievance; rather, he claims that his medical complaints and ARP form request were enough to raise a triable issue of fact as to the satisfaction of his administrative remedies. We disagree.

In *Woodford v. Ngo*, 548 U.S. 81 (2006), the Supreme Court explained that "proper exhaustion" under the PLRA requires the prisoner to "compl[y] with the system's critical procedural rules." *Id.* at 90. The Supreme Court reasoned that a "prisoner who does not want to participate in the prison grievance system will have little incentive to comply with the system's procedural rules unless noncompliance carries a sanction" and therefore "[t]he benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to

No. 09-30126

consider the grievance." *Id*. at 95.  According to *Woodford*, Hemphill must show that he attempted to fully comply with the jail's administrative grievance procedures.

To properly exhaust his claim, Hemphill had to complete an ARP form, or its clearly-marked equivalent, await a response, and then appeal to the Sheriff. Hemphill did not complete even the first step of the St. Tammany Parish Jail ARP, and thus did not properly exhaust his claim.  The magistrate judge correctly granted summary judgment to Defendants–Appellees.

Even if the medical complaints and ARP form request satisfied the first step of the St. Tammany Parish Jail administrative procedure, Hemphill never appealed to the Sheriff.  In *Underwood v. Wilson*, we accepted that the definition of "exhaust" is "'to take complete advantage of (legal remedies).'"  151 F.3d 292, 295 (5th Cir. 1998) (citing WEBSTER'S NEW INT'L DICTIONARY 796 (3d ed. 1981)). We have held that complying with the first step of an administrative grievance procedure will not suffice to exhaust administrative remedies if the grievance procedure contemplates additional steps.  *See Wright*, 260 F.3d at 358.  Even if Hemphill satisfied the first step of the ARP, he did not follow through with the second step and the magistrate judge correctly granted summary judgment to Defendants-Appellees.

## III.  CONCLUSION

For the reasons set forth above, we AFFIRM the magistrate judge's grant of summary judgment to the Defendant-Appellees.

AFFIRMED.

5