# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 9, 2010

No. 09-30842
Summary Calendar

Lyle W. Cayce
Clerk

MANUEL PLAISANCE,

Plaintiff-Appellant,

v.

LOUISIANA STATE PENITENTIARY; WARDEN BURL CAIN, LOUISIANA STATE PENITENTIARY, in His Individually and Official Capacities as Warden of Angola; WARDEN/DEPUTY DARREL VANNOY, in His Individual and Official Capacities as Deputy Warden of Angola Prison; WARDEN BLAINE LACHNEY, in His Individual and Official Capacities as Warden at Camp-C Unit, Angola Prison; COLONEL UNKNOWN PORET, In His Individual and Official Capacities as Colonel at Camp-C Unit, Angola Prison; SERGEANT ROBERT HAYES, in His Individual and Official Capacities as Sergeant at Camp-C Unit, Angola Prison; SERGEANT J THOMAS, in His Individual, and Official Capacities as Sergeant at Camp-C Unit, Angola Prison; COLONEL UNKNOWN SHARP, In His Individually and Official Capacities as Colonel, at Camp-D Unit, Angola Prison; MAJOR UNKNOWN RICHARDSON, In His Official Capacities as Major at Camp -D Unit, Angola Prison; SERGEANT UNKNOWN BATISTE, In His Individual and Official Capacities as Sergeant at Camp-D Unit, Angola Prison; COLONEL KENNETH DUPUIS, In His Individual and Official Capacity as Colonel at Camp-D Unit, Angola Prison; MAJOR UNKNOWN TUBBS, In His Individual and Official Capacities as Major at Camp-D Unit, Angola Prison; SERGEANT UNKNOWN DAVIS, In His Individual and Official Capacities as Sergeant at Camp-D Unit, Angola Prison; SERGEANT UNKNOWN GRIFFIN, In His Individual and Official Capacities as Sergeant at Camp-D Unit, Angola Prison; SERGEANT UNKNOWN WILSON, In His Individual and Official Capacities as Sergeant at Camp-D Unit, Angola Prison; SERGEANT C. MAYBERRY, In His Individual and Official Capacities as Sergeant at Camp-D Unit, Angola Prison; TRISH FOSTER, in Her Individual and Official Capacities as Warden's Designee at Angola Prison; WARDEN UNKNOWN LAMARTINERE, In His Individual and Official Capacities as Warden at Camp-D Unit, Angola Prison; LARRY JACKSON, Sergeant; UNKNOWN GROOM, Sergeant; K HENYARD, Major; UNKNOWN AMOND, Captain; UNKNOWN TURNER, Lieutenant,

Defendants-Appellees.

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:08-CV-497

Before JOLLY, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Manuel Plaisance, Louisiana prisoner # 196480, proceeding pro se and in forma pauperis (IFP), filed a complaint in the district court arguing that 23 prison officials retaliated against him for filing an administrative grievance. The district court dismissed Plaisance's complaint for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e. Plaisance now moves, pursuant to *Baugh v. Taylor*, 117 F.3d 197 (5th Cir. 1997), for leave to proceed IFP following the district court's order denying IFP and certifying that his appeal is not taken in good faith.

Louisiana provides a two-step administrative remedy procedure for inmates, which they must use before filing suit in district court. La. Admin. Code tit. 22, pt. 1, § 325(A). Plaisance does not dispute that he failed to file a second-step grievance, but he argues that he did not do so because he was unaware that he was required to complete both steps of the process before filing suit. Plaisance's ignorance of the law, however, does not relieve him of his obligation to comply with procedural requirements. *See Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing." (footnote omitted)). The Supreme Court has emphasized that the exhaustion required under § 1997e is "proper exhaustion" and that this standard is not met "by filing an untimely

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

2

or otherwise procedurally defective administrative grievance or appeal." *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006) ("We hold that the proper exhaustion of administrative remedies is necessary.").

Plaisance also argues that the district court erred in dismissing his complaint with prejudice. This issue "involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted). Because Plaisance's appeal is not entirely frivolous, Plaisance is entitled to proceed IFP on appeal, and his motion for IFP is granted. We may, however, address the merits of Plaisance's claims at the same time as resolving the IFP issue if it is expedient to do so. *See Baugh*, 117 F.3d at 201-02 ("We are mindful that occasionally we have blurred the distinction between motions to proceed IFP and appeals on the merits. . . . Legitimate values, such as concerns for judicial economy and prudence, justified the melding of the decisions." (footnote omitted)).

Plaisance argues that the district court should have dismissed his complaint without prejudice to allow him to exhaust his administrative remedies. We agree. *See Wright v. Hollingsworth*, 260 F.3d 357, 359 (5th Cir. 2001). Accordingly, the judgment is affirmed as modified to reflect a dismissal without prejudice of Plaisance's complaint.

IFP GRANTED; AFFIRMED AS MODIFIED.