# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 15, 2010

Lyle W. Cayce
Clerk

No. 09-30855
Summary Calendar

MANUEL PLAISANCE,

Plaintiff-Appellant

v.

BURL CAIN, WARDEN, LOUISIANA STATE PENITENTIARY; DARRYL
VANNOY, Warden; SHIRLEY COODY, Warden; UNKNOWN BURGESKY,
Captain; LOUISIANA STATE PENITENTIARY; SERGEANT ROBERT HAYES;
MAJOR BRENTGESKY; WARDEN MACK SHAW; SERGEANT HILL;
WARDEN BLANE LACHNEY; WARDEN PORET,

Defendants-Appellees

Appeals from the United States District Court
for the Middle District of Louisiana
USDC No. 3:07-CV-934

Before JOLLY, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Manuel Plaisance, Louisiana prisoner # 196480, proceeding pro se and in
forma pauperis (IFP), filed in the district court a civil rights complaint arguing
that prison officials subjected him to an unreasonable risk of contracting a
deadly disease through the prison's assembly-line shave procedure.    The

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

defendants asserted nonexhaustion, and the district court dismissed Plaisance's complaint for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e.  Plaisance now moves for leave to proceed IFP following the district court's order denying IFP and certifying that his appeal is not taken in good faith.

Louisiana provides a two-step administrative remedy procedure for inmates, which they are required to use before filing suit in district court.  LA. ADMIN. CODE tit. 22, § 325(A).  Plaisance does not dispute that he failed to file a second step grievance, but he argues that he did not do so because he was unaware that he was required to complete both steps of the process before filing suit.

Plaisance's ignorance of the law does not relieve him of his obligation to comply with procedural requirements.  *See Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999).  The Supreme Court has emphasized that the exhaustion required under § 1997e is "proper exhaustion" and that this standard is not met "by filing an untimely or otherwise procedurally defective administrative grievance or appeal."  *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006).

Plaisance also argues that the district court erred in dismissing his complaint with prejudice.  This issue "involves legal points arguable on their merits (and therefore not frivolous)."  *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).  Because Plaisance's appeal is not entirely frivolous, Plaisance is entitled to proceed IFP on appeal, and his motion for IFP is granted.  We may, however, address the merits of Plaisance's claims at the same time we resolve the IFP issue if it is expedient.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Plaisance argues that the district court should have dismissed his complaint without prejudice to allow him to exhaust his administrative remedies.  A dismissal without prejudice would have been appropriate in this case.  *See Wright v. Hollingsworth*, 260 F.3d 357, 359 (5th Cir. 2001).

Accordingly, the judgment is affirmed as modified to reflect a dismissal without prejudice of Plaisance's complaint.

IFP GRANTED; AFFIRMED AS MODIFIED.