# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 29, 2010

Lyle W. Cayce
Clerk

No. 10-60556
Summary Calendar

TOMMY WHITE, SR.,

Plaintiff-Appellant

v.

CHRISTOPHER B. EPPS, COMMISSIONER, MISSISSIPPI DEPARTMENT OF CORRECTIONS; RON KING, Superintendent, South Mississippi Correctional Institution-Two; DR. RON WOODALL; NURSE HAM; WEXFORD HEALTH; NURSE APRIL MEGS,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:09-CV-171

Before JOLLY, GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Tommy White, Sr., Mississippi prisoner # M1572, proceeding pro se and in forma pauperis (IFP), filed in the district court a civil rights complaint alleging that prison officials, the prison medical unit, and prison medical personnel deprived him of adequate medical care by failing to refill his prescription for Naproxen. After the defendants asserted nonexhaustion, the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-60556

district court dismissed White's complaint for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a).  White now moves for leave to proceed IFP on appeal following the district court's order denying IFP and certifying that his appeal is not taken in good faith.

White argues that the district court erred by failing to grant him a continuance to meet the exhaustion requirement or to construe his IFP motion as a motion to reopen.  Those claims lack legal support.  He also contends that the district court should have granted his IFP motion because he is indigent, he was granted IFP status to proceed in district court, and justice should not be denied due to his poverty.  Because White has not shown that the district court erred in holding that he failed to exhaust his administrative remedies as to his claim, those arguments fail to show that the district court erred by certifying that his appeal is not taken in good faith.  *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).

White also argues that the district court erred in dismissing his complaint with prejudice.  This issue "involves legal points arguable on their merits (and therefore not frivolous)."  *Id.* (internal quotation marks and citation omitted).  Because White's appeal is not entirely frivolous, White is entitled to proceed IFP on appeal, and his motion for IFP is granted.  We may, however, address the merits of White's claim at the same time we resolve the IFP issue if it is expedient.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

A dismissal without prejudice would have been appropriate in this case. *See Wright v. Hollingsworth*, 260 F.3d 357, 359 (5th Cir. 2001).  Accordingly, the judgment is affirmed as modified to reflect a dismissal without prejudice of White's complaint.

IFP GRANTED; AFFIRMED AS MODIFIED.