**A'Drana Gooden JOHNSON,**
**Plaintiff–Appellant**

v.

**William P. BERNSTEIN, Classification; Sergeant Bland, Safe Prison; Lieutenant Lamb, Security; Lieutenant Anderson; Sergeant Ruiz, Security; Sergeant Gibson, Defendants–Appellees.**

**No. 12–50451**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

April 26, 2013.

A'Drana Gooden Johnson, Gatesville, TX, pro se.

Shane D. Neldner, Esq., Office of the Attorney General, Austin, TX, for Defendants–Appellees.

Before JOLLY, DAVIS, and PRADO, Circuit Judges.

PER CURIAM: *

A'Drana Gooden Johnson, Texas prisoner # 1261295, has moved this court for leave to proceed in forma pauperis (IFP) in her appeal of the grant of summary judgment for the defendants and dismissal with prejudice of her complaint filed pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act, 42 U.S.C. §§ 12101–12213. The district court denied Johnson's IFP motion, certifying, pursuant to 28 U.S.C. § 1915(a)(3), that the appeal was not taken in good faith. By moving for leave to proceed IFP, Johnson is challenging the district court's certification decision. *See Baugh v. Taylor,* 117 F.3d 197, 202 (5th Cir.1997). This court must determine whether Johnson has raised any "legal points arguable on their merits (and therefore not frivolous)." *Howard v. King,* 707 F.2d 215, 220 (5th Cir.1983) (internal quotation marks and citation omitted).

Johnson argues that she should be allowed to proceed IFP on appeal pursuant to Federal Rule of Appellate Procedure 24(a)(3) because she demonstrated that she was financially eligible and was allowed to proceed IFP in the district court. Under Rule 24(a)(3), a party permitted to proceed IFP in the district court may proceed IFP on appeal without further authorization unless the district court certifies, as in this case, that the appeal is not taken in good faith. *See* FED R. APP. P. 24(a)(3); *see also Baugh,* 117 F.3d at 202. Because the district court certified that Johnson's appeal was not taken in good faith, she was required either to pay the appellate filing

---

fee or seek leave to proceed IFP in this court. *See Baugh,* 117 F.3d at 202.

By failing to brief in her IFP application any argument challenging the district court's determination that her claims against the defendants in their official capacities were barred by the Eleventh Amendment, Johnson has abandoned any challenge to that determination. *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner,* 813 F.2d 744, 748 (5th Cir.1987).

To the extent that Johnson argues that the district court dismissed her complaint sua sponte for failure to exhaust administrative remedies without giving her an opportunity to be heard, Johnson is mistaken. The defendants raised lack of exhaustion in their motion for summary judgment, and after Johnson responded to the motion, the district court granted summary judgment for the defendants. Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED.R.CIV.P. 56(a). If the moving party establishes this, the burden shifts to the nonmovant to set forth specific evidence to support her claims. *Duffie v. United States,* 600 F.3d 362, 371 (5th Cir.2010). Since exhaustion is an affirmative defense, the burden was on the defendants to demonstrate that Johnson failed to exhaust available administrative remedies. *See Jones v. Bock,* 549 U.S. 199, 216, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007). In reviewing summary judgment, this court construes "all facts and inferences in the light most favorable to the nonmoving party." *Dillon v. Rogers,* 596 F.3d 260, 266 (5th Cir.2010) (internal quotation marks and citation omitted). Summary judgment may not be thwarted by conclusional allegations, unsupported assertions, or presentation of only a scintilla of evidence. *Hathaway v. Bazany,* 507 F.3d 312, 319 (5th Cir.2007).

To the extent that Johnson raises arguments challenging the district court's determination that summary judgment was warranted on the ground that she failed to exhaust administrative remedies, the record supports the district court's determination that Johnson failed to comply with the prison's two-step grievance process. Under the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." § 1997e(a). The "exhaustion requirement requires proper exhaustion" of the available administrative remedies. *Woodford v. Ngo,* 548 U.S. 81, 93, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006). Even if Johnson did attempt to file a Step–1 grievance as she alleged, her failure to pursue her grievance remedy to conclusion by filing a Step–2 grievance constitutes a failure to exhaust her available administrative remedies. *See Wright v. Hollingsworth,* 260 F.3d 357, 358 (5th Cir.2001). Johnson has not identified a nonfrivolous issue with respect to the district court's determination that summary judgment for the defendants was appropriate on the ground that she failed to exhaust administrative remedies. *See Howard,* 707 F.2d at 220.

Also, Johnson argues that the district court erred in dismissing her complaint with prejudice. This issue "involves legal points arguable on their merits." *Howard,* 707 F.2d at 220 (internal quotation marks and citation omitted). Because Johnson's appeal is not entirely frivolous, she is entitled to proceed IFP on appeal, and her motion for IFP is granted. We may, however, address the merits of Johnson's claim at the same time we resolve the IFP issue

if it is expedient. *See Baugh,* 117 F.3d at 202. A dismissal without prejudice would have been appropriate in this case. *See Wright,* 260 F.3d at 359.

Accordingly, the district court's judgment is affirmed to the extent that it dismissed Johnson's claims against the defendants in their official capacities as barred by the Eleventh Amendment and to the extent that it otherwise dismissed her claims based on her failure to exhaust administrative remedies. The judgment is modified, in part, to reflect a dismissal without prejudice of Johnson's complaint. Johnson's motion for the appointment of counsel is denied.

IFP GRANTED; AFFIRMED AS MODIFIED; MOTION FOR APPOINTMENT OF COUNSEL DENIED.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.