Robert A. LAWRENCE,
Plaintiff–Appellant,

v.

Glenn S. GOORD, Commissioner, Donald Selsky, Special Housing Director, Susan Laguna, Central Office Review Committee Assistant Director, Ernest Edwards, Superintendent at Otisville Correctional Facility, D.S.S. Ronald Krom, D.S.A. Gloria Meus, Lieutenant Bullock, Lieutenant Digerlando, Lieutenant Eissing, Gary Ter Bush, Grievance Coordinator, Correction Officer James A. Kimble, Correction Officer Gary D. Bensley, Defendants–Appellees.

Docket No. 99–0202.

United States Court of Appeals, Second Circuit.

Remanded by U.S. Supreme Court: March 4, 2002.

Decided: Aug. 22, 2002.

Robert A. Lawrence, Beacon, NY, pro se.

Eliot Spitzer, Attorney General of the State of New York (Robert Forte, Deputy Solicitor General, Hillary A. Tennant, Assistant Attorney General, of counsel) for Defendants–Appellees.

Before: WALKER, Chief Judge, MINER, and POOLER, Circuit Judges.

PER CURIAM.

This case is before us on remand from the United States Supreme Court. *See Goord v. Lawrence,* —— U.S. ——, 122 S.Ct. 1200, 152 L.Ed.2d 139 (2002). The Court vacated our earlier judgment, *see Lawrence v. Goord,* 238 F.3d 182 (2d Cir. 2001), and remanded the case by order dated March 4, 2002, for further consideration in light of *Porter v. Nussle,* 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002). This case originally came to us on appeal from a judgment of the United States District Court for the Southern District of New York (Schwartz, *J.*). The relevant factual background of this case was fully reviewed in our prior opinion; we briefly summarize it here to the extent necessary for an understanding of this opinion.

Plaintiff-appellant Robert A. Lawrence, a prisoner incarcerated in a New York correctional facility, brought suit against defendants-appellees, who are prison officials and corrections officers. In his complaint, Lawrence asserted violations of his constitutional rights under 42 U.S.C. §§ 1983, 1985, and 1986 arising from the issuance by various correction officers of misbehavior tickets in retaliation for his complaints to prison authorities about staff misconduct. These complaints generally concerned the conduct of defendants Kimble, Bush, and Edwards. Lawrence sought declaratory and injunctive relief, as well as compensatory and punitive damages. Defendants moved to dismiss Lawrence's complaint for, *inter alia,* failure to exhaust administrative remedies.

The district court held that Lawrence's claims were "prison conditions" under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, thereby making it "mandatory" for Lawrence to exhaust any available administrative remedies as a prerequisite to filing a § 1983 action. *See* 42 U.S.C. § 1997e(a) (providing that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted"); *Lawrence v. Goord,* 1999 WL 311812 (S.D.N.Y. May 17, 1999). The district court then determined that state regulations were in place that permitted Lawrence to pursue his retaliatory claims administratively, and that Lawrence had failed to exhaust such available administrative remedies. Accordingly, the district court dismissed the complaint without prejudice to refiling after Lawrence first exhausted his state administrative remedies.

On appeal, we reversed the district court. We acknowledged that § 1983 claims regarding "prison conditions" required administrative exhaustion under the PLRA. *Lawrence,* 238 F.3d at 185–86. We concluded, however, that "neither the text of the [PLRA] nor the policies supporting it suggest" that "prison conditions" include individualized retaliatory conduct. *Id.* at 186. Our finding relied in part on our opinion in *Nussle v. Willette,* 224 F.3d 95 (2d Cir.2000), *rev'd* 534 U.S. 516, 122 S.Ct.

983, 152 L.Ed.2d 12 (2002), a case we described as "analogous." There we held that the plain language of the PLRA indicated that "prison conditions" referred to "circumstances affecting everyone in the area affected by them, rather than single or momentary matter[s], such as beatings or assaults, that are directed at particular individuals." *Id.* at 101 (internal quotation marks omitted). Because we held that Lawrence's retaliation claims were not covered by the PLRA and "[e]xhaustion ... before filing an action pursuant to ... § 1983 is necessary only when specifically required by Congress," *Lawrence*, 238 F.3d at 185, we vacated the judgment of the district court and remanded for reinstatement of Lawrence's complaint, *id.* at 186. The State of New York then filed a petition for a writ of certiorari in the Supreme Court.

On June 4, 2001, the Supreme Court granted certiorari in the *Nussle* case. *See Porter v. Nussle*, 532 U.S. 1065, 121 S.Ct. 2213, 150 L.Ed.2d 207 (2001). On February 26, 2002, while the State of New York's petition for review of *Lawrence* was pending, the Supreme Court issued its opinion in *Nussle*, expressly rejecting our interpretation of what constituted "prison conditions" under the PLRA, finding instead that the PLRA's exhaustion requirement applies to "all inmate suits about prison life, whether they involve general circumstances or particular episodes." *Nussle*, 122 S.Ct. at 992. On March 4, 2002, the Supreme Court granted the State of New York's certiorari petition in *Lawrence*, vacated our judgment, and remanded the case "for further consideration in light of *Porter v. Nussle*, 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002)." *Lawrence*, 122 S.Ct. at 1200.

Taking *Nussle* as our guide, we now determine that Lawrence's retaliation claim fits within the category of "inmate suits about prison life," and therefore must be preceded by the exhaustion of state administrative remedies available to him. Because Lawrence filed suit without exhausting his available administrative remedies, we now reinstate and affirm the judgment of the district court dismissing his claim without prejudice to refiling after exhaustion.