William BEST, Plaintiff–Appellant,

v.

BELLEVUE HOSPITAL NEW YORK, NY; Carlos F. Perez, Executive Director, St. Vincent's, Defendants–Appellees.

Docket Nos. 03–2646–PR(L), 03–7928–CV(CON).

United States Court of Appeals, Second Circuit.

Sept. 23, 2004.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is AFFIRMED IN PART, AND VACATED IN PART, AND THE ACTION IS REMANDED FOR FURTHER PROCEEDINGS.

William Best, Hollindale, FL, for Appellant, pro se.

John J. O'Donnell, Costello, Shea & Gaffney LLP, New York, NY, for St. Vincent's Catholic Medical Centers of New York, Michael A. Cardozo, Corporation Counsel of the City of New York (Norman Corenthal and Kristin M. Helmers, of

460

counsel), New York, NY, for Bellevue Hospital and New York City, for Appellees.

Robert J. Boyle, New York, NY, Appearing Amicus Curiae.

PRESENT: SACK, RAGGI, and HALL, Circuit Judges.

## SUMMARY ORDER

Plaintiff–Appellant William Best appeals from the judgment of the district court dismissing his complaint pursuant to Fed. R.Civ.P. 12(b)(6) and (c) for failure to state a claim upon which relief may be granted. Best also appeals from the district court's denial of his petition for habeas corpus relief under 28 U.S.C. § 2241.

We review a district court's judgment on the pleadings de novo. *See Ziemba v. Wezner,* 366 F.3d 161, 163 (2d Cir.2004). In deciding a Rule 12(c) motion, we apply the same standard as that applicable to a motion under Rule 12(b)(6), accepting the allegations contained in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party. *Id.*

Under Fed.R.Civ.P. 12(b)(6) and (c), where a motion for judgment on the pleadings or to dismiss for failure to state a claim requires the court to consider matters outside of the pleadings, the motion must be treated as a summary judgment motion, and "all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."

Moreover, we have observed that "[t]he failure of a district court to apprise pro se litigants of the consequences of failing to respond to a motion for summary judgment is ordinarily grounds for reversal[,]" *Ruotolo v. IRS,* 28 F.3d 6, 8 (2d Cir.1994) (per curiam), and that, "[a] district court may not convert a motion under Fed. R.Civ.P. 12(b)(6) into a Rule 56 motion for

summary judgment without sufficient notice to an opposing party and an opportunity for that party to respond[,]" *Groden v. Random House, Inc.,* 61 F.3d 1045, 1052–53 (2d Cir.1995). In determining whether reversal is warranted in the absence of any notice of the summary judgment motion, we look to "the nature of the papers submitted by the [pro se] litigant and the assertions made therein as well as the litigant's participation in proceedings before the District Court[,]" in order to determine whether the pro se litigant understood the nature of the summary judgment motion. *Vital v. Interfaith Med. Ctr.,* 168 F.3d 615, 621 (2d Cir.1999).

In this case, the voluminous exhibits attached to Bellevue's motion required the district court to consider matters outside the pleadings. *See generally, Sira v. Morton,* 380 F.3d 57 (2d Cir.2004). Indeed, the memoranda filed by the district and magistrate judges in connection with the challenged judgment reflect their careful review of the extensive documentary record pertaining to Best's involuntary confinement. Therein, however, lies our difficulty. It appears that the court's review was premature because Best was not given notice that the motion for judgment on the pleadings was being converted into a summary judgment motion. The nature of Best's minimal hand-written submissions in opposition to Bellevue's motion indicates that, indeed, Best did not comprehend the consequences of the conversion of the motion to dismiss into a summary judgment motion.

However, the court did not provide Best with proper notice that the motion for judgment on the pleadings was being converted into a summary judgment motion. The nature of Best's minimal hand-written submissions in opposition to Bellevue's motion indicates that, indeed, Best did not comprehend the consequences of the con-

version of the motion to dismiss into a summary judgment motion.

■ We must therefore, under *Vital* and *Groden*, determine whether prejudice resulted from the district court's failure to give notice of the conversion of the motion to dismiss into a motion for summary judgment, or whether there exists an alternative ground for affirmance. We conclude that Best was prejudiced by the converted summary judgment motion, and that there are no alternative grounds for dismissal. Had the court taken the allegations of Best's complaint as true, and had the court not considered at this stage of the proceedings the documentary record supporting involuntary confinement, it would have had to conclude that Best set forth facially valid claims for violations of his substantive and procedural due process rights. *See, e.g., Zinermon v. Burch*, 494 U.S. 113, 133–34, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990); *O'Connor v. Donaldson*, 422 U.S. 563, 576, 95 S.Ct. 2486, 45 L.Ed.2d 396 (1975). Specifically, Best alleged in his complaint that despite his tuberculosis, he should not have been confined as a medical danger to society because he did not refuse to take medication when he was initially detained, that he clearly stated in his complaint that he was not homeless or living communally, and that he did not state that he planned to leave New York immediately upon release. The district court concluded that these assertions were not supported by the confinement records, which indicated that Best might not be able to segregate himself from others while infectious and that, at some point in his confinement, he refused to take prescribed medication. As we have noted, such a review of evidence was premature. Best must be afforded an opportunity to respond with admissible evidence to the contrary so that the district court can assess whether there are disputed, triable issues of fact. We therefore vacate the judgment of the district court as to Best's claims against Bellevue, and remand for further proceedings on proper notice to Best that defendants' motion is being reviewed pursuant to Fed.R.Civ.P. 56.

Regarding Best's claim against St. Vincent's, alleging that St. Vincent's held him for longer than five days, as authorized by New York City Health Code § 11.47, the district court did not consider documents outside of the pleadings. Our de novo review reveals no errors in the court's dismissal of Best's claim against St. Vincent's; indeed, no party has argued on appeal that the court's action was erroneous in this respect. We therefore affirm the judgment of the district court with respect to its dismissal of Best's claims against St. Vincent's.

■ Finally, regarding the denial of Best's habeas corpus petition, the appeal from which was docketed in this court under number 03–2646, we observe that Best has been released from custody without any restrictions and, therefore, the petition is moot. *See Jones v. Cunningham*, 371 U.S. 236, 240, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963).

In 03–7928, we therefore hereby AFFIRM the judgment of the District Court with respect to the dismissal of the claims against St. Vincent's, but VACATE and REMAND the judgment with respect to the claims against Bellevue Hospital. In number 03–2646, we hereby DISMISS the appeal as moot.