Ferdinand C. SCAGLIONE,
Plaintiff–Appellant,

v.

MAMARONECK UNION FREE
SCHOOL DISTRICT,
Defendant–Appellee.

No. 04–1054–CV.

United States Court of Appeals,
Second Circuit.

March 25, 2005.

Ferdinand C. Scaglione, Yonkers, NY, for Appellant, pro se.

Mark C. Rushfield, Shaw & Perelson, LLP, Highland, NY, for Appellees.

Present: SOTOMAYOR, RAGGI, and HALL, Circuit Judges.

## SUMMARY ORDER

Plaintiff-appellant Ferdinand C. Scaglione, Jr. ("plaintiff") appeals from a judgment of the United States District Court for the Southern District of New York (Brieant, J.), granting a motion submitted by defendant-appellee Mamaroneck Union Free School District ("defendant") under Federal Rule of Civil Procedure 12(c). Plaintiff alleges age and gender discrimination, as well as unlawful retaliation, in violation of 42 U.S.C. §§ 1981, 1983 and 1985, Title VII of the Civil Rights Act, the Age Discrimination in Employment Act, and New York state law. We assume the parties' familiarity with the facts and procedural history of the case.

We review *de novo* a district court's judgment on the pleadings. *See Ziemba v. Wezner,* 366 F.3d 161, 163 (2d Cir.2004). " 'In deciding a Rule 12(c) motion, we apply the same standard as that applicable to a motion under Rule 12(b)(6), accepting the allegations contained in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party.' " *Id.* (citation omitted).

Under Rules 12(b)(6) and 12(c), where a motion for judgment on the pleadings or to dismiss for failure to state a claim requires the court to consider matters outside of the pleadings, the motion must be treated as a summary judgment motion, and "all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Fed. R.Civ.P. 12(b)(6), (c). We have observed that "[t]he failure to a district court to apprise *pro se* litigants of the consequences of failing to respond to a motion for summary judgment is ordinarily grounds for reversal," *Ruotolo v. IRS,* 28 F.3d 6, 8 (2d Cir.1994) (per curiam), and that "[a] district court may not convert a motion under Fed.R.Civ.P. 12(b)(6) into a Rule 56 motion for summary judgment without sufficient notice to an opposing party and an opportunity for that party to respond," *Groden v. Random House,* 61 F.3d 1045, 1052 (2d Cir.1995) (citing *In re G. & A. Books, Inc.,* 770 F.2d 288, 294–95 (2d Cir.1985)). In determining whether reversal is warranted in the absence of any notice of the summary judgment motion, we look to "the nature of the papers submitted by the [*pro se*] litigant and the assertions made therein as well as the litigant's participation in proceedings before the District Court" in order to determine whether the *pro se* litigant understood the nature of the summary judgment motion. *Vital v. Interfaith Med. Ctr.,* 168 F.3d 615, 621 (2d Cir.1999).

With respect to the Title VII claim, there is no doubt that the district court here converted defendant's Rule 12(c) motion into a motion under Rule 56. The court expressly stated in its order that it viewed defendant's motion as a motion for summary judgment, and went on to find that "[t]he totality of the evidence as found by the [state] Hearing Officer, and never attacked by [plaintiff] in an Article 78 proceeding, is such that any reasonable juror, acting reasonably, would be compelled to find that [plaintiff] would have been removed from his job and the charges would have been preferred [sic], even without regard to any possible animus or retaliatory motivation which is alleged in this case and which would ordinarily present a disputed issue of material fact." Appx. at 2, 6. Nothing in plaintiff's submissions to the court, however, suggests that he could have understood or foreseen the court's conversion of the motion or its reliance on matters outside the pleadings. Moreover, there is no indication that the district court gave notice to plaintiff of the conversion, informed him of the consequences, or provided him an opportunity to respond to it. We therefore hold that with respect to the

**122**

Title VII claim, the district court erred by converting and granting defendant's motion.

■ The erroneous conversion may have been harmless were the § 75 Hearing Officer's findings of fact to preclude the litigation of the issue of whether plaintiff was fired for a reason other than retaliation, because the district court would have been justified in its reliance on those factual determinations. Under Supreme Court and Second Circuit caselaw, however, unreviewed state administrative findings do not have preclusive effect in the Title VII context. *See Univ. of Tenn. v. Elliott,* 478 U.S. 788, 796, 106 S.Ct. 3220, 92 L.Ed.2d 635 (1986) ("Congress did not intend unreviewed state administrative proceedings to have preclusive effect on Title VII claims."); *Raniola v. Bratton,* 243 F.3d 610, 623–24 (2d Cir.2001); *DeCintio v. Westchester County Med. Ctr.,* 821 F.2d 111, 114–15 (2d Cir.1987). We see no evidence in the record that the Hearing Officer's findings of fact were subject to state judicial review. Thus, the findings would not, pursuant to *Elliott,* preclude review of the issue in federal court.

Because the district court's dismissal of the claims under New York state law was premised on the dismissal of all federal claims, we also vacate the district court's dismissal of the state claims.

Plaintiff also seeks to amend his complaint. After a responsive pleading has been filed, a party may amend its pleading only by leave of the court, "and leave shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). "Leave to amend should be freely granted, but the district court has the discretion to deny leave if there is a good reason for it, such as futility, bad faith, undue delay, or undue prejudice to the opposing party." *Jin v. Metro. Life Ins. Co.,* 310 F.3d 84, 101 (2d Cir.2002) (citations omitted). On remand, the district court is directed to consider, in accordance with these standards, motions by plaintiff to amend his complaint.

Finally, for substantially the same reasons stated by the district court, we affirm the decision of the district court insofar as it dismissed plaintiff's claims against the defendant under the Age Discrimination in Employment Act and 42 U.S.C. §§ 1981, 1983 and 1985.

The judgment of the district court is AFFIRMED IN PART, VACATED IN PART and REMANDED for further proceedings consistent with this order.