John DOE, Plaintiff–Appellant,

v.

Jose BERRIOS, John J. Armstrong, Ken Avery, Belinda Billue, Esther McIntosh, Mary Marto, Mary Johnson, University of Ct Health Ctr, Defendant–Appellees,

Ronald Barrett, Defendant.

Docket No. 01–0246.

United States Court of Appeals, Second Circuit.

Oct. 11, 2005.

Jacob Wieselman (Julie D. Blake, on the brief), Rome McGuigan Sabanosh P.C., Hartford, CT, for Appellant.

Robert F. Vacchelli, Assistant Attorney General, for Richard Blumenthal, Attorney General of the State of Connecticut, Hartford, CT, for Appellee.

PRESENT: Hon. BARRINGTON D. PARKER,[1] Circuit Judge. Hon. RICHARD M. BERMAN,[2] Judge.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court be and it hereby is VACATED and the matter is REMANDED to the district court.**

Plaintiff–Appellant John Doe, a Connecticut state prisoner, appeals the dismissal of his complaint, brought under 42 U.S.C. § 1983, for failure to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). Familiarity with the facts, procedural history and issues on appeal is presumed.

We review a district court's dismissal of a complaint pursuant to Rule 12(b)(6) *de novo*, with all inferences drawn in favor of the nonmoving party. *See Ortiz v. McBride*, 380 F.3d 649, 653 (2d Cir.2004). "We similarly review a district court's ruling on whether a plaintiff whose claim is governed by the PLRA has exhausted administrative remedies *de novo.*" *Id.* at 653.

"It is now well-settled in this circuit that exhaustion under the PLRA is not jurisdictional, and that it is an affirmative defense." *Ziemba v. Wezner*, 366 F.3d 161, 163 (2d Cir.2004) (citing *Richardson v. Goord*, 347 F.3d 431, 434 (2d Cir.2003); *Jenkins v. Haubert*, 179 F.3d 19, 28–29 (2d Cir.1999)). Since this Court heard oral argument, we have issued five consolidated opinions which, in clarifying the nature of this affirmative defense, directly impact this case. *See generally Ortiz v. McBride*, 380 F.3d 649 (2d Cir.2004); *Abney v. McGinnis*, 380 F.3d 663 (2d Cir.2004); *Giano v. Goord*, 380 F.3d 670 (2d Cir.2004); *Hemphill v. New York*, 380 F.3d 680 (2d Cir.2004); *Johnson v. Testman*, 380 F.3d 691 (2d Cir.2004).

In *Hemphill* we held that a "three-part inquiry is appropriate in cases where a prisoner plaintiff plausibly seeks to counter defendants' contention that the prisoner has failed to exhaust available administrative remedies as required by the PLRA." *Hemphill*, 380 F.3d at 686. First, the court should ask "whether administrative remedies were in fact 'available' to the prisoner." *Id.* (citing *Abney*, 380 F.3d at 667–69). Second, the court should consider whether the defendants "forfeited the

---

1. The Honorable Ellsworth A. Van Graafeiland, who was a member of the panel, died on November 20, 2004.

2. The Honorable Richard M. Berman, United States District Court for the Southern District of New York, sitting by designation.

affirmative defense of non-exhaustion by failing to raise or preserve it" or are otherwise estopped from raising the defense. *Hemphill*, 380 F.3d at 686 (citing *Johnson*, 380 F.3d at 695–96; *Ziemba*, 366 F.3d at 163). Third, the court "should consider whether 'special circumstances' have been plausibly alleged that justify 'the prisoner's failure to comply with administrative procedural requirements.'" *Hemphill*, 380 F.3d at 686 (quoting *Giano*, 380 F.3d at 676). Of particular relevance to this case, "in some circumstances threats by prison guards may render administrative remedies 'unavailable' for purposes of [the PLRA]." *Ortiz*, 380 F.3d at 654 (citing *Hemphill*, 380 F.3d at 689–91).

Because *Ortiz, Hemphill, Giano, Johnson*, and *Abney* were decided after the district court's dismissal of Doe's claims, it did not have the benefit of this precedent in considering whether Doe's claims had been exhausted. Accordingly, we remand to the district court to determine whether Doe exhausted his administrative remedies. We take no position on whether the district court's application of *Hemphill* may require additional factual development.

We have considered all of Doe's other arguments on appeal and find them without merit.

The judgment of the district court with respect to the Defendant–Appellees is VACATED, and this case is REMANDED to the district court for further proceedings.