

Villanova University School of Law
Villanova University School of Law Digital Repository

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-19-2006

# Hill v. Smith

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5312

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Hill v. Smith" (2006). *2006 Decisions.* Paper 879.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/879

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-5312
_____

DEMETRIUS HILL,
Appellant

v.

JOSEPH SMITH, Warden, Lewisburg Penitentiary;
MR. STRATTA, Associate Warden; LT. HOOPER;
JOHN DOE, I, C.O.; JOHN DOE TWO (2), C.O.;
MR. ADAMI, Unit Manager; JOHN DOE, Health Administrator;
JOHN DOE, Physician Assistant
_____

Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civil No. 05-cv-01724)
District Judge: Honorable James F. McClure
_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)
June 8, 2006

Before: RENDELL, AMBRO and GREENBERG, Circuit Judges

(Filed: June 19, 2006)
_____

OPINION OF THE COURT
_____

PER CURIAM

Demetrius Hill, a federal prisoner, filed this civil action pro se in the United States

District Court for the Middle District of Pennsylvania pursuant to <u>Bivens v. Six Unknown</u>

<u>Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), alleging that

Appellees, staff at the United States Penitentiary at Lewisburg, Pennsylvania, violated his

constitutional rights.  Hill's complaint asserted First Amendment violations stemming

from Appellees' alleged denial of Hill's right to access the courts, and Eighth

Amendment violations related to delays in receiving medical care and to the conditions of

confinement in the "Special Management Unit" (also known as "G-Block") where Hill

was housed.  Notably, Hill's complaint also alleged that Appellees refused to supply him

with the forms necessary for exhausting administrative remedies in the Bureau of Prisons'

grievance system, and that Appellee Robey assaulted and threatened Hill in connection

with his attempts to exhaust his remedies.

At the same time he filed his complaint, Hill moved for a temporary restraining

order or a preliminary injunction.  Hill's motion sought to have cameras placed in the G-

Block stairwell to deter further attacks by staff on inmates, to require all G-Block staff to

wear name tags, to be examined by a doctor, to have his cell ventilated, and to be treated

as a pre-trial detainee until he is sentenced.  The District Court denied Hill's motion for a

temporary restraining order but held a hearing on the motion for a preliminary injunction.

In a memorandum and order entered on October 19, 2005, the District Court dismissed

Hill's suit for failure to exhaust administrative remedies.[1]  Hill timely appealed.

---

[1]The court observed that, even if Hill had exhausted administrative remedies, his motion for a preliminary injunction would be denied, because he had not shown a likelihood of success on the merits of his claims.

2

We have jurisdiction pursuant to 28 U.S.C. § 1291.[2]  Under the Prison Litigation

Reform Act ("PLRA"), a prisoner must exhaust available administrative remedies before

bringing any action regarding prison conditions.  See 42 U.S.C. § 1997e(a).  As for any

decision involving statutory interpretation, we review the District Court's exhaustion

determination de novo.  See Ray v. Kertes, 285 F.3d 287, 291 (3d Cir. 2002) (internal

citations omitted).

Exhaustion of administrative remedies under the PLRA is an affirmative defense to

be pleaded by defendants.  Id. at 295.  The District Court acknowledged that Appellees

did not file a formal motion to dismiss asserting the failure to exhaust defense but further

noted that both parties addressed exhaustion in their pre-hearing briefs and presented

testimony and other evidence concerning exhaustion at the hearing.  See Dist. Ct. Op. at 7

n.5.  After review, we agree with the District Court that the record on the exhaustion issue

was complete.  Cf. Brown v. Croak, 312 F.3d 109, 112-13 (3d Cir. 2002) (remanding for

further proceedings because the parties' pleadings provided insufficient evidence on the

issue of exhaustion).

For substantially the same reasons set forth in the District Court's opinion, we

agree that Hill's arguments for excusing exhaustion are unavailing.  Hill's primary

argument is that administrative remedies were not "available" to him, because Appellees

---

[2]The District Court's order did not specify whether dismissal was with or without prejudice.  Even if the dismissal was without prejudice, it may be treated as a final and appealable decision, because Hill's time limit for exhausting administrative remedies has expired, rendering his claims procedurally defaulted.  See Spruill v. Gillis, 372 F.3d 218, 230 (3d Cir. 2004); Mitchell v. Horn, 318 F.3d 523, 528-29 (3d Cir. 2003).

refused to provide him with the necessary remedy forms. See 42 U.S.C. § 1997e(a); Camp v. Brennan, 219 F.3d 279, 281 (3d Cir. 2000) (Under the PLRA, a prisoner need only exhaust such administrative remedies as are "available.") At the complaint stage, Hill's allegation would be entitled to a presumption of truthfulness and would have stated a viable defense for failure to exhaust. See Mitchell, 318 F.3d at 529 (prison officials' actions preventing inmate from using grievance system rendered administrative remedies "unavailable"); Brown, 312 F.3d at 112-13 (same). However, as noted above, the District Court did *not* dismiss Hill's suit at the complaint stage. Instead, the court resolved the factual questions pertaining to exhaustion on the basis of evidence presented before and during the preliminary injunction hearing.

We review the District Court's factual findings on exhaustion for clear error, giving "due regard to the opportunity of the trial court to judge the credibility of the witnesses." See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 215 F.3d 407, 409 (3d Cir. 2000) (internal quotation omitted). The parties presented conflicting testimony as to whether Hill was denied grievance forms or had attempted informal resolution, as required by 28 C.F.R. § 542.13. The District Court credited Appellees' testimony over Hill's, concluding that administrative remedies were available to Hill and that he had failed to exhaust them. Our review reveals no basis for a challenge to the District Court's credibility determinations. See United States ex rel. Tillery v. Cavell, 294 F.2d 12, 22 (3d Cir. 1961) (Where testimony is in direct conflict, it is for trial judge to determine credibility of witnesses in resolving dispute). Consequently, we find no

4

ground for a challenge to the District Court's determination that administrative remedies were "available" to Hill.

Hill also argues that Appellees waived their right to assert the failure to exhaust defense when Appellee Robey assaulted him in retaliation for his attempts to exhaust his remedies. While at least two Circuits have held that the PLRA's exhaustion requirement is an affirmative defense which is subject to the doctrines of estoppel and waiver, see, e.g., Ziemba v. Wezner, 366 F.3d 161, 163 (2d Cir. 2004) (per curiam) (equitable estoppel is possible if defendants' actions prevented plaintiff from exhausting); Wendell v. Asher, 162 F.3d 887, 890 (5th Cir. 1998), we have not yet so held. Even if estoppel or waiver were available, however, neither would apply in Hill's case, as the District Court found Hill's evidence insufficient to demonstrate that an assault had occurred. See Dist. Ct. Op. at 13.

Hill's final contention – that exhaustion should be excused because federal inmates' grievances are regularly rejected – fails, because there is no futility exception to the PLRA's exhaustion requirement. See Nyhuis v. Reno, 204 F.3d 65, 71 (3d Cir. 2000).

As the record supports the District Court's dismissal for failure to exhaust, we will affirm the judgment on this basis and need not address the District Court's denial of the preliminary injunction. See Fairview Township v. EPA, 773 F.2d 517, 524 n.15 (3d Cir. 1985).[3]

---

[3]This appeal was originally listed for possible dismissal under 28 U.S.C. § 1915(e). Given the extent of the proceedings in the District Court, we find that summary affirmance under LAR 27.4 and I.O.P. 10.6 is a more appropriate method of disposing of this appeal.