Ignacio REYNOSO, Plaintiff–
Appellant,

v.

W. SWEZEY, in his individual and offi-
cial capacity as Lieutenant at Attica
Correctional Facility, et al., Defen-
dants–Appellees.

No. 06–1835–pr.

United States Court of Appeals,
Second Circuit.

June 25, 2007.

Ignacio Reynoso, pro se, Southport, NY, for Plaintiff–Appellant.

Martin A. Hotvet, Assistant Solicitor General, Nancy A. Spiegel, Senior Assistant Solicitor General, for Andrew Cuomo, Attorney General of the State of New York, Albany, NY, for Defendants–Appellees.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. SONIA SOTOMAYOR, and Hon. RICHARD C. WESLEY, Circuit Judges.

**SUMMARY ORDER**

Plaintiff Ignacio Reynoso appeals from the March 30, 2006, judgment of the United States District Court for the Western District of New York (Larimer, *J.*), 423 F.Supp.2d 73, granting the defendants' motion for summary judgment and dismissing the plaintiff's action under 42 U.S.C. § 1983 for failure to satisfy the exhaustion requirements of the Prison Litigation Reform Act (the "PLRA"). *See* 42 U.S.C. § 1997e *et seq.* We assume the parties' familiarity with the underlying facts, procedural history, and issues presented for review.

In brief, Reynoso alleges that on November 22, 1996, while an inmate of Attica Correctional Facility, he was attacked by a group of prison guards, who planted a knife on his person during the fight; Reynoso alleges that this incident was part of a plan to "set up" Reynoso for bogus disciplinary charges as retaliation for his previous complaints about the prison staff. His complaint also set forth (1) claims that his subsequent disciplinary proceedings did not comport with due process and (2) an Eighth Amendment claim that, while in the Segregated Housing Unit ("SHU"), he was given a diet that gave him severe stomach pain.[1] Reynoso filed grievances about the November 22 incident and his diet in the SHU, but failed to complete the appeals process. He filed two successful appeals in his disciplinary proceedings, but never filed a separate grievance against the hearing officer for misconduct during the proceedings.

In 2005, this Court vacated and remanded an earlier grant of summary judgment on PLRA exhaustion grounds for consideration of (1) whether administrative remedies were unavailable to Reynoso, (2)

---

1. The district court's sua sponte dismissal of the remainder of Reynoso's complaint has already been affirmed by this Court.

whether the defendants should be estopped from using exhaustion as a defense, (3) whether there were any circumstances justifying Reynoso's failure to properly exhaust his administrative remedies, *see Reynoso v. Swezey*, No. 03–0270–pr (2d Cir. Jan. 20, 2005) (unpublished order) (citing *Hemphill v. New York*, 380 F.3d 680 (2d Cir.2004)), and (4) whether Reynoso's arguments in his disciplinary proceedings constituted an exhaustion of remedies, *see id.* (citing *Johnson v. Testman*, 380 F.3d 691 (2d Cir.2004)). After the district court granted summary judgment again, this appeal followed.

"We review a district court's grant of summary judgment de novo, affirming when, construing all evidence in the light most favorable to the non-moving party, there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Ruggiero v. County of Orange*, 467 F.3d 170, 173 (2d Cir.2006) (citations, alterations, and internal quotation marks omitted). *See* Fed. R.Civ.P. 56(c).

Under the PLRA, a prisoner may not bring an action under federal law to challenge prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This provision requires "proper" exhaustion which entails "using all steps that the [prison system] holds out, and doing so *properly*," including "compliance with ... deadlines and other critical procedural rules." *Woodford v. Ngo*, —— U.S. ——, 126 S.Ct. 2378, 2385–86, 165 L.Ed.2d 368 (2006) (internal quotation marks omitted).

Our cases prior to *Woodford* recognized some nuances in the exhaustion requirement: (1) administrative remedies that are ostensibly "available" may be unavailable as a practical matter, for instance, if the inmate has already obtained a favorable result in administrative proceedings but has no means of enforcing that result, *see Abney v. McGinnis*, 380 F.3d 663, 669 (2d Cir.2004), or if the inmate has been deterred by intimidation, *see Hemphill*, 380 F.3d at 686–88; (2) similarly, if prison officials inhibit the inmate's ability to seek administrative review, that behavior may equitably estop them from raising an exhaustion defense, *see Ziemba v. Wezner*, 366 F.3d 161, 163 (2d Cir.2004) (per curiam), *cited in Hemphill*, 380 F.3d at 688–89; (3) imperfect exhaustion may be justified in special circumstances, for instance if the inmate complied with his reasonable interpretation of unclear administrative regulations, *see Giano v. Goord*, 380 F.3d 670, 678–79 (2d Cir.2004), or if the inmate reasonably believed he could raise a grievance in disciplinary proceedings and gave prison officials sufficient information to investigate the grievance, *see Johnson*, 380 F.3d at 696–98. Because we agree with the district court that Reynoso cannot prevail on any of these grounds, we have no occasion to decide whether *Woodford* has bearing on them. *See Ruggiero*, 467 F.3d at 176 (declining to address the impact of *Woodford*).

■ 1. *Assault and Retaliation on and after November 22.* We affirm the district court's conclusion that the defendants were entitled to summary judgment as to these claims because Reynoso (1) failed to show any justification for his failure to appeal to the Central Office Review Committee (the "CORC") from the superintendent's denial of his grievance about the November 22 incident, (2) failed to show that an appeal was unavailable as a practical matter, and (3) failed to show any grounds for an estoppel of the exhaustion defense.

Reynoso has alleged that prison staff conspired against him in retaliation for previous complaints, and that the November 22 incident was part of this conspiracy, but he testified that his failure to appeal was not attributable to any threats or fear of retribution from prison staff. Reynoso's right to appeal to CORC was therefore not rendered unavailable by intimidation (under *Hemphill*), and the prison officials are not estopped by misconduct (under *Ziemba*) from interposing the exhaustion defense.

Reynoso appears to advance as a justification for his failure to appeal that, after he filed his grievance, he was confused by the grievance committee's response that stated in part that "[d]isciplinary matters are non-grievable" under Department of Corrections Directive 4040. But Reynoso had already filed a grievance at that point, and the quoted statement pertains to whether certain matters are grievable, not to whether the denial of a grievance is appealable. Moreover, he in fact *did* appeal to the superintendent from the grievance committee document that confused him; it was from the superintendent's further denial that he failed to appeal to CORC, and he points to no confusing statement on the superintendent's part.

In any event, Reynoso testified at his deposition that he had filed grievances in the past and was aware of the mechanism by which an appeal to CORC was filed. To the extent Reynoso argues that he thought he properly raised his allegations during his disciplinary proceedings, he was explicitly told during his disciplinary proceeding that a grievance was the proper means of raising his complaints about the behavior of prison personnel on November 22, and therefore any belief that he had exhausted his proper remedies through his disciplinary proceedings was not reasonable.

Under these circumstances, the failure to appeal to CORC was not justified under *Giano* or *Johnson.*

■ 2. *Procedural Due Process in the Disciplinary Proceedings.* Despite the terms of this Court's remand, which directed the district court to consider issues surrounding Reynoso's failure to exhaust his due process claims, the district court specifically addressed only Reynoso's allegations about the November 22, 1996 incident.

However, Reynoso's briefs (at best) touch on exhaustion only obliquely. They recite the underlying facts of the alleged due process violations and the law governing procedural due process claims. But because Reynoso does not point to record evidence justifying his failure to exhaust, he has abandoned any such argument and we need not consider the issue. *See Pabon v. Wright,* 459 F.3d 241, 247 (2d Cir. 2006); *Cruz v. Gomez,* 202 F.3d 593, 596 n. 3 (2d Cir.2000) ("When a litigant—including a *pro se* litigant—raises an issue before the district court but does not raise it on appeal, the issue is abandoned.").

Abandonment aside, our review of the record uncovers no record evidence justifying or excusing his failure to exhaust. To revisit the discussion above, Reynoso did imply in his deposition testimony and his papers that he failed to fully appeal his November 22 grievance because he was confused by the grievance committee's statement that under Department of Corrections Directive 4040, "[d]isciplinary matters are non-grievable." But unlike the plaintiff in *Giano,* Reynoso has never alleged that he interpreted Directive 4040 to prohibit a grievance about the alleged

due process errors in his disciplinary hearings. *See* 380 F.3d at 678.

■ 3. *Diet in the SHU.* Reynoso's Eighth Amendment claim that he was placed on an inappropriate diet while in the SHU—like his due process claims—was not specifically discussed in the district court opinion. The government cites record evidence that Reynoso grieved this claim but never pursued an appeal; he therefore failed to exhaust. Reynoso's brief to this court and his memorandum of law in the district court both assert in a conclusory fashion that he failed to appeal the denial of this grievance because he never received notice of its denial; yet Reynoso never mentioned this fact in his deposition or his sworn affidavit in response to the summary judgment motion, and there is therefore no record evidence to support his contention. Moreover, the district court remarked upon Reynoso's obvious familiarity with the grievance process and his propensity for writing letters to corrections personnel when he was dissatisfied with developments in his proceedings—the record discloses no evidence that Reynoso ever pursued any inquiry as to the status of his SHU diet grievance.

We have reviewed the remainder of Reynoso's contentions and we conclude that they are without merit. For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**