Harvey v. Correction Officers 1-6

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of May, two thousand fifteen.

PRESENT: DENNIS JACOBS,
ROSEMARY S. POOLER,
PETER W. HALL,
Circuit Judges.

- - - - - - - - - - - - - - - - - - - - -X

GREGORY HARVEY,
Plaintiff-Appellant,

-v.-                                        14-2446

CORRECTION OFFICERS 1 THROUGH 6, NEW ADMISSIONS, CLINTON CORRECTIONAL FACILITY, TWO CORRECTION SERGEANTS, NEW ADMISSIONS, CLINTON CORRECTIONAL FACILITY, MEDICAL PERSONNEL, MEDICAL NURSE AND STAFF, CLINTON CORRECTIONAL FACILITY, J. JABOUT, CORRECTIONS OFFICER, K. REYELL, CORRECTIONS OFFICER, SHERYL MILLER, NURSE, MARY BETH GILLEN, REGISTERED NURSE, CHARLES SIMPSON, REGISTERED NURSE,
Defendants-Appellees.

- - - - - - - - - - - - - - - - - - - - -X

**FOR APPELLANT:**                    Gregory Harvey, pro se, Marcy, New York.

**FOR APPELLEES:**                    Robert M. Goldfarb, Assistant Solicitor General (with Barbara D. Underwood, Solicitor General, and Andrea Oser, Deputy Solicitor General), for Eric T. Schneiderman, Attorney General of the State of New York, Albany, New York.

Appeal from a judgment of the United States District Court for the Northern District of New York (Kahn, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **VACATED AND REMANDED**.

Gregory Harvey, pro se, appeals from the judgment of the United States District Court for the Northern District of New York (Kahn, J.), dismissing his complaint alleging that he was subjected to excessive force in violation of 42 U.S.C. § 1983 for failure to exhaust administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) ("PLRA"). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

"A prisoner may invoke the doctrine of estoppel when defendants took affirmative action to prevent him from availing himself of grievance procedures." Amador v. Andrews, 655 F.3d 89, 103 (2d Cir. 2011) (internal quotation marks omitted). "[V]erbal and physical threats of retaliation, physical assault, denial of grievance forms or writing implements, and transfers constitute such affirmative action." Id.

Harvey alleged that he was threatened with further beatings if he told anyone about the assault at Clinton, Harvey, 2014 WL 2779252, at *4; he was placed in a strip cell and denied access to writing implements, id.; after five days, he was transferred to Downstate Correctional Facility ("Downstate") and told by a "grievance rep" that he could not file a grievance at that facility for an incident that occurred at another facility, id. at *5 (internal

2

quotation marks omitted); and, Harvey was subsequently transferred to Sing Sing, where he was again allegedly told that he could not file a grievance that related to conduct that occurred at another facility, id.

In discounting Harvey's contention that he feared for his life due to threats made by the Clinton staff, the district court placed weight on the fact that, while at Clinton, Harvey complained to a nurse and psychiatric staff that he had been assaulted. Id. at *9. But, "threats or other intimidation by prison officials may well deter a prisoner of 'ordinary firmness' from filing an internal grievance, but not from appealing directly to individuals in positions of greater authority within the prison system, or to external structures of authority." Hemphill v. New York, 380 F.3d 680, 688 (2d Cir. 2004). This reasoning applies to Harvey's effort to report his alleged assault to medical personnel at Clinton.

The court also relied on the fact that it found no "evidence suggesting any fear of filing a grievance while at Downstate." Harvey, 2014 WL 2779252, at *9. True, an inmate has 21 days from the date of the alleged excessive force incident to file a grievance, id. at *7, so Harvey technically could have filed upon arriving at Downstate where he had no reason to fear the corrections officer. But, he alleges that he was informed by a grievance representative that he could not file a grievance about conduct that occurred at another facility.

We remand to the district court to determine, in the first instance: (1) whether the unnamed grievance representative was a staff member at Downstate and, if not, (2) whether an inmate member of an inmate grievance resolution committee is a prison official whose alleged affirmative act may bar defendants from relying on an exhaustion defense. See 7 N.Y.C.R.R. § 701.4(a) (describing composition of inmate grievance resolution committee as consisting of both inmates meeting certain qualifications and staff members); cf. Brown v. Koenigsmann, 2005 WL 1925649, at *2 (S.D.N.Y. 2005) (concluding Second Circuit precedent "does not require a showing that [the named defendant] is personally responsible for plaintiff's failure to complete exhaustion, as long as someone employed by the DOCS is") (citing Ziemba v. Wezner, 366 F.3d 161, 163 (2d Cir. 2004)).

3

For the foregoing reasons, we hereby **VACATE AND REMAND** the judgment of the district court for further proceedings consistent with this summary order.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK
