*Riddick v. Semple*, *et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of April, two thousand eighteen.

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge*,
> ROSEMARY S. POOLER,
> SUSAN L. CARNEY,
> > *Circuit Judges*.

---

Jerome Riddick,

> *Plaintiff-Appellant*,

> v.                                                                 17-1681

Scott Semple, Commissioner; Henry Falcone, Warden; William Mulligan; Angel Quiros, District Administrator; Edward Maldonaldo, Warden; and Derrick Molden, Deputy Warden; all sued in their individual and official capacities,

> *Defendants-Appellees*.*

---

FOR PLAINTIFF-APPELLANT:          Jerome Riddick, *pro se*, Suffield, CT.

FOR DEFENDANTS-APPELLEES:          Robert L. Marconi, Assistant Attorney General, *for* George Jepsen, Attorney General, New Britain, CT.

---

* The Clerk of Court is directed to amend the official caption to conform with the above.

Appeal from an order of the United States District Court for the District of Connecticut (Underhill, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Appellant Jerome Riddick, proceeding *pro se*, appeals from the district court's dismissal of his 42 U.S.C. § 1983 action and its denial of his motion for a temporary restraining order ("TRO"). Riddick sued numerous Department of Correction ("DOC") officials, raising claims under the First and Fourteenth Amendments, as well as state law claims of unjust enrichment and conversion. Riddick argued that defendants violated his First Amendment right to petition the government and Fourteenth Amendment due process rights by placing grievance restrictions on him that limited the number of grievances he could file per month; violated his due process rights by improperly denying claims he filed with the DOC Lost Property Board ("Board") and charging him a $25 processing fee for each claim; and were liable under for unjust enrichment and conversion because of the fees. Riddick also asserted that the Board's denial of his claims was in retaliation for previous lawsuits he had filed. In addition, Riddick moved for a TRO to lift the most recent grievance restriction.

The district court denied the motion for a TRO and dismissed with prejudice all but Riddick's retaliation claim; it granted him leave to amend his retaliation claim within 30 days of its order. After Riddick failed to timely amend his complaint, the district court extended the time to replead to September 18, 2017. On September 5, 2017, Riddick moved in this Court for a stay of the district court proceedings pending appeal. We granted the stay after the deadline to replead

2

had expired.  We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a district court's *sua sponte* dismissal under 28 U.S.C. § 1915A(b)(1) *de novo* and a district court's decision regarding whether to exercise supplemental jurisdiction for abuse of discretion.  *See Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004) (Section 1915A); *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 118 (2d Cir. 2013) (supplemental jurisdiction).

We note, as a threshold matter, that we have jurisdiction to review Riddick's appeal despite the district court's grant of leave to amend.  Although the dismissal of a complaint with leave to amend is generally non-final, it may be treated as final if the time to amend has passed.  *Festa v. Local 3 Int'l Bhd. of Elec. Workers*, 905 F.2d 35, 37 (2d Cir. 1990) (per curiam).  Here, the district court granted Riddick 30 days from the dismissal of his complaint to amend and subsequently extended that deadline.  While this Court granted Riddick's motion to stay the district court proceedings during the pendency of the appeal, this did not suspend the deadline to file an amended complaint because the order granting the stay did not issue until after the deadline had passed.  Accordingly, we treat the district court's order as final.  *See id.*

The district court properly dismissed Riddick's claims regarding the imposition of grievance restrictions.  Riddick's claim that defendants violated his due process rights by restricting his access to the prison's grievance procedures confuses a state-created procedural entitlement with a constitutional right.  However, neither state policies nor "state statutes . . . create federally protected due process entitlements to specific state-mandated procedures." *Holcomb v. Lykens*, 337 F.3d 217, 224 (2d Cir. 2003).  Moreover, we cannot find that the grievance restrictions violated Riddick's right to petition the government in light of the fact that the defendants did not restrict his right to file civil actions and the Prison Litigation Reform Act's

3

("PLRA") exhaustion requirement would not preclude him from asserting § 1983 claims in federal court that were barred by grievance restrictions. *See* 42 U.S.C. § 1997e(a) (requiring prisoners to exhaust "such administrative remedies as are *available*" (emphasis added)); *Ziemba v. Wezner*, 366 F.3d 161, 163–64 (2d Cir. 2004) (per curiam) (holding that the state may be estopped from asserting exhaustion as an affirmative defense if it has deliberately obstructed access to the grievance system).

Riddick's claims regarding the Board were properly dismissed. A prisoner's due process rights are not violated by the unauthorized destruction or damage of property by the state, if "the state makes available a meaningful postdeprivation remedy." *Hudson v. Palmer*, 468 U.S. 517, 531 (1984). Connecticut provides inmates with a remedy for lost or destroyed property: a prisoner can file a claim with the Board, and, if it is denied, subsequently file a claim with the Office of the Connecticut Claims Commissioner ("Claims Commissioner"), which may order relief or authorize suit. *See* Conn. Dep't Corr. Admin Directive 9.6(16)(B); Conn. Gen. Stat. § 4-142. Riddick's complaint did not assert that filing a claim with the Claims Commissioner was an inadequate remedy for his lost property claim and thus failed to allege a violation of his due process rights.

On appeal, Riddick argues that pursuing a claim with the Claims Commissioner is an inadequate remedy because it only applies to negligent conduct. This claim is meritless because it ignores alternative common-law remedies. In *Hudson*, the Supreme Court held that a prisoner's due process rights are not violated where adequate common-law remedies exist. 468 U.S. at 534–35. Here, the Claims Commissioner lacks jurisdiction over intentional torts because they are "claims upon which suit otherwise is authorized by law." Conn. Gen. Stat. § 4-142(a)(2). Connecticut law provides that state employees may be sued as individuals for intentional torts. *See Miller v. Egan*, 828 A.2d 549, 562 (Conn. 2003) ("State employees do not, however, have statutory immunity for wanton, reckless or malicious actions . . . . For those actions, they may be

4

held personally liable, and a plaintiff who has been injured by such actions is free to bring an action against the individual employee."). Riddick thus has an available remedy for any intentional tort claim that could not be reviewed by the Claims Commissioner—a lawsuit against the individual employees.

Additionally, Riddick's claim that the $25 processing fee violates his due process rights and right to petition the government is meritless. Indigent persons generally do not have a constitutional right to proceed *in forma pauperis*, except in a narrow class of cases involving certain fundamental rights such as the termination of parental rights or divorce. *M.L.B. v. S.L.J.*, 519 U.S. 102, 113, 120 (1996); *United States v. Kras*, 409 U.S. 434, 450 (1973) (recognizing that there is no "unlimited rule that an indigent at all times and in all cases has the right to relief without the payment of fees"). Applying this principle, this Court has concluded that the PLRA's filing fee provisions do not "unconstintutionally impinge [prisoners'] right of access to the courts." *Nicholas v. Tucker*, 114 F.3d 17, 20 (2d Cir. 1997). This conclusion applies with equal force to claims filed with the Board. In addition, Riddick cannot sustain an as-applied challenge. As the district court observed, Administrative Directive 9.6 authorizes the Board to waive the fee for good cause or to place an obligation on the inmate's trust fund account. *See* Conn. Dep't Corr. Admin. Directive 9.6(16)(D). Riddick does not assert that he lacks funds, much less that he requested a waiver or an obligation. To the contrary, he appears to have paid the fee. As in *Nicholas*, "[r]equiring prisoners to make economic decisions" about pursuing grievances does not violate due process; "it merely places the . . . prisoner in a position similar to that" faced by ordinary litigants. 114 F.3d at 21 (internal quotation marks omitted).

The remainder of Riddick's claims were either properly dismissed or not challenged on appeal. His conclusory retaliation claim failed to allege facts suggesting that his prior lawsuits were "substantial or motivating factor[s]" for the denial of his lost property claims. *See Bennett*

5

*v. Goord*, 343 F.3d 133, 137 (2d Cir. 2003); *see also Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996) ("A complaint of retaliation that is wholly conclusory can be dismissed on the pleadings alone." (internal quotation marks omitted)). The district court did not abuse its discretion by declining to exercise supplemental jurisdiction over Riddick's state law claims because it had previously dismissed his federal claims. *See, e.g.*, *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). Riddick does not challenge the district court's denial of his TRO and has thus abandoned that issue. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92 (2d Cir. 1995).

Finally, we conclude that the district court did not abuse its discretion by dismissing all but Riddick's retaliation claim without leave to amend. Generally, a district court should not dismiss a *pro se* complaint without permitting at least one opportunity to amend, but granting leave to amend is not necessary when it would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). Here, Riddick's claims had substantive flaws that would not benefit from repleading, and he failed to replead the retaliation claim even after district court extended the deadline to file an amended complaint.

We have considered Riddick's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court